IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELSIE M. DAVIDSON,

        Plaintiff.

v.                                                No. CIV 04-32 LFG

TOMMY G. THOMPSON, Secretary
of the United States Department of
Health and Human Services,

        Defendant.

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Plaintiff Elsie Davidson's ("Ms. Davidson's") Application for Attorney's Fees and Costs, filed December 22, 2004. [Doc. No. 18.] The fee application is fully briefed and the Court has reviewed all of the pleadings, including the supporting affidavits and memorandum, the government's response and amended response, and Ms. Davidson's reply. After careful consideration of the pleadings and pertinent law, the Court determines that Ms. Davidson's fee and costs application should be granted as described herein. The Court's reasoning follows.

### Background

The underlying matter concerned Ms. Davidson's request for reimbursement of $3,221.99 under Medicare Part B for a CCTV (closed-circuit television electronic vision enhancement device),

1

prescribed to her by a physician for her condition of macular degeneration. Ms. Davidson, an 88-year old woman, was certified as legally blind as a result of macular degeneration. She is covered by Medicare and filed her request for reimbursement in October 1998. Over five years later, the Medicare Appeals Council ultimately denied her request for review of the Administrative Law Judge's adverse decision. In an opinion issued December 1, 2004 [Doc. No. 16], this Court reversed the administrative decision and remanded the case so that Ms. Davidson would be reimbursed for the CCTV. In so doing, this Court determined *inter alia* that the Secretary's conclusion that Ms. Davidson's CCTV was excluded as an "eyeglasses" expense was arbitrary and capricious, contrary to law and unsupported by the record. In its opinion, this Court fully set forth the details of the underlying request and the Secretary's reasoning in denying that request. Thus, the Court does nothing more here than to summarize its prior opinion. [*See* Doc. No. 16.]

## Ms. Davidson's Fee Application

Because Ms. Davidson was the prevailing party, she has applied for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.§ 2412. She seeks an award of $17,325 in attorney's fees and $163.95 in costs. Defendant opposes the request, asking that the entire fee request be denied because the position of the United States was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Alternatively, should the Court award fees, Defendant asks that Ms. Davidson's attorney's hourly rate be reduced from the requested $225.00/hour to $175.00 hour.[1]

---

[1] Defendant first responded that if the Court is inclined to award fees, the Court should only permit an increase of $50 to the usual EAJA cap of $125.00 per hour, thereby raising the rate to $175.00 per hour rather than the requested $225.00 per hour. Defendant's amended response is confusing. That pleading states that there was a typographical error in the original response and that the last paragraph at page 3 should be changed from $175.00 per hour to $125.00 per hour. Yet, this amendment seems to entail more than a typographical error. It appears to be a change of position by Defendant, i.e., that Defendant now asks the Court to cap the fees at $125.00/hr if it awards any fees at all. The Court does not understand what the amended pleading intended to accomplish. Ultimately, it is of no consequence since the Court intends to award fees in the amount described herein.

**Discussion**

An award of attorney's fees under EAJA is mandatory when a party prevails against the United States, unless the court finds that the United States' position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Another provision of the EAJA gives the Court discretion to award reasonable attorney's fees:

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the cots which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought . . . against the United States or any agency . . . . The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b).

### A.   *Substantial Justification*

Here, there is no dispute as to Ms. Davidson's status as the prevailing party. The government first challenges the fee application by arguing that 28 U.S.C. § 2412(d)(1)(A) permits a Court to deny an award of fees to a prevailing party if the court determines that the United States' position, even though unsuccessful, was "substantially justified."

The EAJA statute does not define the phrase "substantial justification." However, in Pierce v. Underwood, 487 U.S. 552, 565-66 (1988), the United States Supreme Court examined the meaning of "substantial justification" in relation to § 2412(d). "That phrase does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (internal citation omitted). Thus, the phrase does not mean "justified to a high degree," "but rather 'justified in substance or in the main'– that is, justified to a degree that could satisfy a reasonable person." Id. at 566. "The term means more than 'merely

3

undeserving of sanctions for frivolousness.' 'But a position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988) (*quoting* Pierce, 487 U.S. at 566 n. 2).

The Tenth Circuit, in Hadden, provided the following guidance in determining a fee application question with respect to whether the government's position was substantially justified.

> In determining whether the government's position was reasonable, the trial judge must make a separate review of the government's position to determine whether it was substantially justified. . . . The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue.

Id. (internal citations omitted). The Supreme Court advised that both objective criteria, e.g., the stage in the proceedings at which the merits were decided and the views of other courts on the merits, should be considered, along with other factors, depending on the present case. Pierce, 487 U.S. at 568-69.

In addition, in examining the "position of the United States," the Court analyzes not just the government's actions in the civil case, but also the action or failure to act by the agency upon which the civil action is based . . . ." 28 U.S.C. § 2412(D)(2)(D). The United States bears the burden of establishing that its position was substantially justified. Hadden, 851 F.2d at 1267.

Here, the government devotes one paragraph to its position that its denial of Ms. Davidson's request for reimbursement was "substantially justified." The Court rejects the government's argument, notwithstanding the fact that the Court's decision might have been one of first impression as to whether Medicare would provide reimbursement for a CCTV under these circumstances. Thus,

the Court finds that the government did not meet its burden in demonstrating "substantial justification" for its position. This is particularly true where Ms. Davidson's request for a little over $3,000.00 was protracted over a five-year period, where the agency's medical expert at the administrative hearing was a retired urologist rather than a specialist in the area of vision, and where the Appeals Council relied on dictionary definitions to support its reasoning. In addition, this Court already determined that some of the Secretary's conclusions were arbitrary and capricious, contrary to law and unsupported by the record. Such determinations belie a finding now that the government's position was "substantially justified" so as to defeat an application of attorney's fees.

Moreover, the government did not address § 2412(b) that provides the Court with the discretion to award reasonable attorney's fees, without regard to whether the government's position was "substantially justified." The Court concludes that under either EAJA provision reasonable attorney's fees and costs should be awarded.

### B.  *Reasonable Fees*

EAJA authorizes courts to award "reasonable" attorney's fees. Role Models America, Inc. v. Brownlee, 353 F.3d 962, 968 (D.C.Cir. 2004). In earlier years, the EAJA set a maximum rate of $75 an hour for counsel but this maximum fee was raised to $125 per hour for cases commenced on or after March 29, 1996. During the intervening eight years, no additional rate increases have been made. Courts may adjust the rate upwards to compensate for an increase in the cost of living or for other special factors, such as the limited availability of qualified attorneys. 28 U.S.C. § 2412(d)(2)(A)(ii).

However, fee awards should not result in a windfall. *See* Hensley v. Eckerhart, 461 U.S. 424, 430 n.4 (1983) (discussing fees under 42 U.S.C. § 1988). "In awarding fees under the EAJA . . .

[courts] have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result." Role Models America, 335 F.3d at 975. Indeed, the United States Supreme Court explained that in order to "preserve the intended effectiveness of the [statutory] cap, . . . the other 'special factors' envisioned by the exception must be such as are not of broad and general application." Pierce, 487 U.S. at 573. The Supreme Court listed several factors that it deemed insufficient to merit an increase in the statutory cap, including the novelty and difficulty of issues, the undesirability of the case, the work and ability of counsel and the results obtained. Id. at 575. However, acceptable special factors include knowledge of a foreign language or expertise in an identifiable practice speciality such as patent law. Id. at 572.

Here, counsel for Plaintiff has requested a rate of $225.00 based primarily on counsel's expertise and extensive experience in an identifiable specialty area of the law that is highly complicated. In addition, Ms. Davidson's attorney argued that there was not "ready availability of attorneys with similar knowledge and skill" in this specialized area of the law. The government does not challenge the number of hours charged in this case, nor the expertise of Ms. Davidson's attorney. Moreover, the government does not dispute Mr. Parks' position that there is a limited availability of qualified attorneys in this area of the law. The government claims summarily that proposed increase over the EAJA hourly rate is unreasonable.

Michael Parks, Ms. Davidson's attorney, is a staff attorney with the Senior Citizens' Law Office, Inc. in Albuquerque, New Mexico. He has practiced for 36 years and over those years developed a specialization in government benefit programs, including Medicare and Medicaid. As

a staff member of the National Health Law Program, Mr. Parks became the program's lead Medicare law expert. [Parks' Affidavit, attached to Application for Fee Request.]

In 1994, Mr. Parks states that he was awarded $265/hour in a Medicaid case based in part on San Francisco fee levels. However, San Francisco legal rates are considerably higher than prevailing rates in New Mexico. Mr. Parks asserts that hourly rates for specialist attorneys in the Albuquerque area have increased over the recent years, and this statement is accurate. [Id.] Attorney Maureen Sanders provided a supporting affidavit, in which she contends that attorneys in this community with experience and skill similar to that of Mr. Parks charge from $200-$300 per hour. [Sanders' Affidavit, attached to Application for Fee Request.] The Court's experience, however does not support a finding that similarly situated legal practitioners generally charge fees in that range for medicare and medicaid litigation.

The Court observes that Mr. Parks has requested payment for 77 hours of work, which is about 75% of the hours he reported as being devoted to the legal work on Ms. Davidson's case. Mr. Parks' legal acumen and skill are impressive, and his zeal and persistence as an advocate won the day. He is to be commended. In conclusion, the Court determines that a fee award far in excess of the $125.00 EAJA hourly rate is authorized because of Mr. Parks' extensive knowledge in a specialized area of the law and also because of the need for a cost of living increase. The Court decides, however, that an hourly rate of $200.00 is more in line with fees charged by legal practitioners in this District, and is also reasonable under the circumstances of this case. Therefore, for all of the reasons stated above, the fee application will be granted, to the extent that attorney fees in the amount of $ 15,400.00 (77 hours x $200/hr) will be awarded, plus costs in the amount of $163.95.

IT IS THEREFORE ORDERED that Plaintiff Elsie Davidson's Application for Attorney's Fees and Costs [Doc. No. 18] is GRANTED, as described herein, and Defendant shall pay to counsel for Plaintiff the above-stated fees and costs.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge